Ms. Johnson. Thank you. May it please the Court. This is a rare and exceptional case. It represents a confluence of errors. An ineffective attorney, a district court error, and the specter of government misconduct. I will first address Issues 3 and 4 concerning forfeiture because they present clean yet related legal issues that can be decided on the record. I will then address the first issue, denial of counsel of choice, followed by the second issue, the broken promises. With regard to the ineffective assistance of counsel during the forfeiture proceedings, counsel's performance was clearly deficient because there was no performance. She did not discuss or provide copies of the pleadings to the client. She did not file responsive pleadings despite knowing a valid defense, and she did not appeal or move to stay the forfeiture order. Counsel, can you orient us? You know, I understand we're here on the appeal because of the ineffectiveness of counsel, because she didn't effectuate the appeal. But are we here on—if we're here just on the appeal, is it appropriate for us to go into all the things that counsel didn't do on the forfeiture? Or does that have to wait another day still? No, it does not need to wait another day. Can you help us with that? Certainly. So what happened in this case was we had a guilty plea and a sentence. At sentencing, Mr. Brooks said, I would like to appeal. His attorney never filed a notice of appeal. Right. And we understand, I think, the factual thing. She didn't do the appeal. She got an appeal. He's having an appeal now. But on the appeal now, is it appropriate for us to consider ineffectiveness, or does that have to be on a habeas after the appeal? This particular issue related to IAC asked the forfeiture can only be considered now because it is a monetary penalty, and monetary penalties cannot be raised until— That's why. Just because it's forfeiture. If it was some other aspect of the sentence, you would say, wait. Or you may not. I'm not going to put you on the spot. Well, if it presents a rare case where it is appropriate, as to the forfeiture, we have a combination of both. This is a rare case where we have enough in the record to decide it, but we also procedurally, this is the only time for us to decide it. It cannot be raised in a writ for quorum nobis because he is in custody, and the government has not suggested any other vehicle that would be appropriate for the court to consider this particular ineffectiveness claim. Okay. Assume that we agree that she didn't file any of the right paperwork that would have protested forfeiture, and, in fact, that there were some arguments available based upon her affidavits and her discussions and the testimony that he owned some of the property outright and could have done certain things, and she didn't do any of that. But do you still have to show plain error that he would not have had to forfeit this exact amount, or what do you have to show? I would say no. It wouldn't be plain error. It would be the Strickland analysis, the standard of view. So we would need deficient conduct plus prejudice, although we have also raised the chronic standard, which only requires not so much deficient conduct but no conduct, no testing of the government's case, in which case you would not need to show prejudice. So we don't look at the plain error standard and whether you can meet prongs three and four at all in this case? No. We only look at Strickland and there may be—so you just need to address prejudice then, probably. Correct. Assuming—I mean, like I said, we have both the Strickland claim as well as the chronic claim where prejudice is not required, but we do know that we have prejudice here because he was punished, and he was punished above and beyond what is constitutionally mandated, and that kind of takes us into Issue 4, where we talk a little bit more about the And that is a plain error standard, and I do discuss the prejudice in that portion of the brief, but what we have here is we have the government seizing more than it's permitted to because it's only permitted to seize funds that are traceable to the offense. And here his prejudice is he had a valid defense that these funds were clean, and therefore they were not subject to forfeiture. But the prejudice showing is different. The prejudice showing for your ineffectiveness of my counsel, I would not have agreed to waive my right to challenge the criminal forfeiture order. Correct. So, again, this is where these two issues sort of—they're a little bit similar, but they also go down two different paths. As to the ineffective assistance of counsel claim, we don't just have prejudice as it relates to you took something of mine that was above and beyond what you were permitted to take. The other prejudice that Mr. Brooks suffered was the fact that because he did not receive proper counsel pre-plea, it undermines the knowing and voluntary nature of the plea because he didn't necessarily know what he was bargaining for, and he didn't fully understand all of the rights he was giving up when he entered into that plea. What has Mr. Brooks done to prove that but for the ineffectiveness—by stipulate, just assume we think it's ineffective—but for the ineffectiveness of Ms. Tizard, I would not have agreed to waive my rights in this way. Right now, we just have his assertion in the record. Assertion on what record? I don't necessarily think that Mr. Brooks has to prove the but-for analysis. I think, again, backing up to the strickland analysis, all we need is deficient conduct, which I think we have, and then we need prejudice. And, again, the prejudice goes in two directions—one, the direction of greater punishment that he suffered as a result, and the other direction is the one that undermines his plea and undermines his understanding of the plea. But as we sit here today, there's a plea agreement that waives the right to challenge the criminal forfeiture order, and so none of this even gets off the ground until you figure out a way to get around the appeal waiver and the forfeiture order challenge appeal waiver. Does that make sense? So, we have to have some reason to believe that things would have been different but for the ineffectiveness of the counsel, or there's no way to find prejudice, right? Well, yes and no. So, we—the government has not contested that this issue does not defeat the appeal waiver. It was something that was briefed. They did not raise the appeal waiver. And the plea agreement specifically— Does not defeat the—I'm sorry. Did I say that backwards? I might have said it backwards. Can you help— Certainly. There was an appeal waiver in the plea agreement. However, the plea agreement permitted a defendant to bring a claim of ineffective assistance of counsel. This forfeiture claim stems from an ineffective assistance of counsel claim. It is not a substantive tack on the forfeiture order. So, the waiver is not a barrier? Correct. Because it's specifically accepted in the plea agreement? Because the plea agreement specifically allows— That's what it—it's an exception to the appeal waiver if your counsel is ineffective. Correct. And so, while I agree that the plea agreement does say the defendant agrees not to contest forfeiture, the issue with that is what he actually knew. And if you look at any of the four documents that he conceded to reading on the records—that would be the indictment, the plea agreement, the factual basis, and the pre-sentence report—not a single one of those documents describes or identifies any specific property to be forfeited. And we've got counsel conceding that she never presented to Mr. Brooks the bills of particulars, the preliminary orders of forfeiture, anything that specifically identified what would be sought. And further, we have her saying, I assured him, based on my understanding, that no forfeiture would be sought. We further do not have any notice to Mr. Brooks based on the rearrangement transcript. And the— Can I—I don't mean to interrupt you, but I want to—since we're going chronologically, between the preliminary forfeiture order and the rearrangement—so I've got a date of August 1st, 2017. The district court enters a final order of forfeiture. Was this ever shown to Mr. Brooks? I'm sorry, what was your question? Was this ever shown to Mr. Brooks? The final order of forfeiture was served on Mr. Brooks in the St. Tammany Parish Jail on August 14th, 2017. So that would be approximately two months after his deadline to appeal had run. And—well, that's my next question. Why is it not separately appealable under Federal Rule of Criminal Procedure 32.2b4c, which specifically talks about the time to appeal from the final—this is obviously entered differently than the judgment, the original judgment. It's entered, what, two months later from the original judgment, and there's a separate deadline, 32.2b4c, that also talks about Federal Rule of Appellate Procedure 4. So it seems like the answer to the conundrum that Mr. Brooks and the government is having about where are we supposed to challenge the criminal forfeiture order is specifically contemplated in the rules outside of both the direct appeal and the Rule 2255 motion. Well, and I'll tell you, I think why 32.2b4c that you talk about does not trigger his appellate rights 14 days from the entry of that order is because how Rule 32.2—or how the forfeiture proceedings work is first there is a motion for a preliminary order forfeiture. Then there is a preliminary order that is entered. That order is effective as to the defendant. And if things are done properly, that order is supposed to be incorporated into the judgment at the time of sentencing. The final motion for an order of forfeiture and the final order is what makes it effective as to third parties and then allows third parties to come in and commence ancillary forfeiture proceedings to contest those claims. And so my answer to that would be that does not solve the problem. And I think that we could look at the effectiveness of the final order of forfeiture as to Mr. Brooks would be just as ineffective as a freestanding order that imposed a fine a certain time after a sentence or that imposed substantive jail time after that sentence because forfeiture is a form of punishment. But the judgment in this case said forfeiture might be awarded, right? The judgment was entered in June of 2017. The judgment specifically said judgment or it says forfeiture of the defendant's right title and interest in certain property may be ordered consistent with a superseding indictment. And then it was. That is not but but there's no property identified in the superseding indictment. That is not adequate. But more importantly, that was not pronounced at sentencing. And so now we have a written judgment that is broadening the legal pronouncement of sentence. So I understand that issue separately. I understand your fourth issue. My question is about the third one and why this isn't appealable under Rule 32.2. This I'm pointing to the final order of forfeiture. Again, I would say that it's because the final order is effective as to third parties. But again, that gets us right back to our IAC claim, which is Mr. Brooks said on the record that he wanted to appeal. The attorney never filed that appeal. And if, say, it was appropriate for her to file an appeal from this order, she also did not file an appeal from this order, which means we're still stuck on IAC. Still ineffective, whether it was the 14 days after the final order or at the original time. Correct. And that's part of this case. Well, did they argue this point? The government? No. This was not an argument that was raised by the government. The idea that the entry of the final order would trigger yet a separate appellate period. I'm still troubled by what the standard is on what's the burden he has to show that the forfeiture imposed would have been less than the amount that was imposed. Does he have a reasonable probability? Is that the standard? Is it like the Marquez case? Or does he have some other standard? For the IAC claim or for the Rule 32 claim? For both. So I would say that they're different, again, because the IAC claim is going to be governed by the Strickland analysis, whereas the Rule 32 claim is governed by plain error standards. What are the specific standards and what is your best case under each? Well, under just the IAC for the forfeiture, I would say that this is a straight Strickland analysis, although I'm not waiving my chronic claim to say that I don't need to show prejudice because You don't need to show that he would have paid less in forfeiture at all? You don't have to raise a probability, a possibility, a reasonable, no reasonable doubt, you know. I'm sorry. You go ahead. So I would say yes, we do under the Rule 32, and I would. But you have no standard under the Strickland. You don't have to show anything except that. Prejudice. But prejudice does not incorporate that he would have gotten, had to pay less, forfeit less. It could, but I don't think that is required. And what case says that? I don't have a case off the top of my head, but I would say that it is just your sort of standard. The idea, the Strickland analysis is a reasonable probability that the outcome would have been different, and we can look at that in two ways. We can look at that as in he would have received a different sentence, or he wouldn't have pled, or he wouldn't have pled under these circumstances. Then for the Rule 32 plain error analysis, and what kind of prejudice you need there, I would analogize that to the same plain error analysis that you might consider when a guideline error results in a different guideline case. Like Marquez. Correct. But he doesn't, I don't know what you have in the record. You know, Marquez says, well, they could show this, and they didn't. Aren't you in the same situation as the Marquez folks? No, because we do have a case, I think I've got it written down right here, where in counsel's sentencing memorandum she was very specific about the bank account that was seized. And I'll tell you, if you look at the order of forfeiture, there's only two entries that apply to Mr. Brooks. There's $3,000 in a savings account, and then there's the condominium in Florida. And she specifically describes in her sentencing memorandum, I think it's $3,000 in a savings account, and I want to say it's at page 592. She does talk about this. She says he bought it with clean proceeds or something. But we don't know whether he bought it with the clean, we don't know what the PSR, I mean, do we? The PSR was silent as to forfeiture. Right. It didn't say anything. So we don't know whether it was clean proceeds or not. Correct. There's no testimony on the record. And that brings us right back to our IAC claim, which is if a good functioning attorney had been there doing her job, representing her client during forfeiture proceedings, who knew of a valid defense, she would have made sure that that evidence was in the record. You've saved time for rebuttal, counsel. Thank you. Thank you. Good afternoon. May it please the Court. Ryan McLaren for the United States. I'm joined this afternoon by AUSA Michael Redman, who is trial counsel in this case, and AUSA Kevin Boitman, who's my co-counsel on this appeal. Judge Allred, I want to jump straight to your question about the standard of review for the forfeiture, both, I suppose opposing counsel put it as the third issue, the one that might be subject to plain error and the one that might go to the ineffective assistance of counsel. And I want to start with what a prejudice showing for ineffective assistance of counsel for forfeiture would be. You asked, would it be that he might have to pay less money but for the deficiency or something like that. Is that your question? Right. My understanding is that forfeiture, I think it's discussed in the Shade case, isn't a part of the sentence. And so whether a prejudice showing for Strickland purposes would require a showing that it would be less money, I just, I don't see how that would apply for Strickland prejudice purposes, just because it's not part of the sentence. I think what is different in this case is because the Strickland argument, my appreciation of the Strickland argument as it goes to forfeiture in this case is that it had to do with his decision to plead guilty, that he arguably was under the impression that there would not be forfeiture and that would become more of a Hill v. Lockhart issue. So there's not a prejudice argument that he would have not had to forfeit his condo? So Because that's not part of the sentence? Is that your argument? And I want to preface this by saying that if the Court wants, I'd be happy to look into the case law more about this and file some more briefing issues. I think that there might be some, I would just have to look at the case law. But because forfeiture is not part of the sentence, I don't know if the same sentencing Strickland prejudice law would apply to it. I just don't know. But, I mean, this has been the argument in the case, though, right? And so I agree with opposing counsel that the third and fourth arguments should have different standards of review that apply to them. The third one is an unraised, in our opinion, unraised challenge to the forfeiture, a substantive challenge to the forfeiture that we, and we cite some cases, Fish, you brought up the Marquez case, that that should fall under plain error because it's a challenge to the substance of the forfeiture order. An unraised, or an unpreserved challenge to the substance of the forfeiture order, that that should be plain error. Everything else about the, Mr. Brooks' attorney failing to give him the preliminary order of forfeiture, the final order of forfeiture, the bills of particulars, the Liz Pendens in this case, that seems to be more like a classic Hill v. Lockhart Strickland analysis, and that the Strickland standard should apply to that. Okay, can we deal with the plain error first? Just, what, why aren't prongs three and four met here? Prongs three and four aren't met here, Your Honor. I think the problem with a finding that prongs three and four are met here would require this court relying on the affidavit that was attached to the 2255 in this case, and that would be problematic, I think, for a couple of reasons, and I'd like to walk through that in my argument. So I want to make sure I answer your question, but it's going to, I think, take me a minute to get there. And so... Seventeen minutes almost. I hope it doesn't take me seventeen. Judge Elrod, you pointed out the sort of strange procedural posture of this case, that because there was the TAP claim, that because the evidentiary hearing on the, really the only 2255 claim that Judge Barbier considered in this case was whether the notice of appeal should have been filed. That's the only issue that was in front of him, and the granting of the out-of-time appeal, the reinstatement of the judgment, that that, because that happened, he dismissed all the other 2255 claims. He never made any kind of findings. He never made any credibility determinations as to anything that's in that affidavit that was attached to the 2255. That affidavit is the only place where any of these forfeiture claims are discussed. It's the only place where there's any of these allegations that Mr. Brooks' attorney failed to give him, any of these preliminary orders of forfeiture, anything like that. But for that affidavit, that untested affidavit, that hasn't been the subject of credibility determinations, this is just a standard forfeiture case. It's, there was the preliminary order that was discussed in the plea agreement. It was discussed at the, the rearrangement. It was discussed in the PSR. Why shouldn't we send this back then for an evidentiary hearing on this? The court seemed to think it wasn't necessary earlier on because the court was just going to say, he asked for an appeal and he didn't get one. Maybe we should send it back so the affidavit can be tested. I think that the reason to not send it back for an evidentiary hearing, Judge Elrod, is that because the evidence that is in the record here contradicts the substantive claims that Mr. Brooks raises here, the challenge to the substance of the forfeiture order, the substantive breach claim, the evidence in the record here contradicts that. Those other claims that Mr. Brooks raises, the, have, really have more, they really are ineffective assistance of counsel claims that would be better raised as part of a 2255 proceeding. The misadvice, Hill v. Lockhart, things like that, but the. So you're saying we should wait and have this case later, all over again, on this forfeiture, or on the plea issue and the forfeiture? Whether it comes up to this court again, all over again, I really don't know. No, not to us later, but you're saying it does belong in a subsequent, another 2255 proceeding. And Judge Elrod, that's exactly right, and that's been our expectation throughout this court, once it was resolved as part of this direct appeal, and that these other, provided that Mr. Brooks properly files a 2255 after this appeal is resolved, that those issues would go back before the district court and that they could be resolved with factual determinations, credibility findings at the district court. So you're not saying that, that he can't win. That's right. You're saying that we should proceed in the normal order. That's right. So. Can Mr. Brooks file a 2255 motion raising ineffective assistance of counsel for failure to advise me on this criminal forfeiture claim? Your brief is painfully oblique in not addressing that question. Okay, and I apologize for that. I think that there are ways that he could do that. I don't want to say absolutely yes, but I think if the ineffective assistance of counsel as to advice about forfeiture affected his decision to plead guilty, for example, that that could be a cognizable 2255 claim. And I'm sorry that this isn't in our brief, but our expectation all along was that once this case was resolved on direct appeal, we would be back in front of Judge Barbier resolving these issues, provided that they're properly raised. But wait a minute. You're going to argue, though, that he can't raise forfeiture on a 2255. That he can't challenge the substance of the forfeiture order as part of his 2255, but if he. So this is his one and only shot to challenge the substance of the forfeiture order. That's correct, but. So then we do need to flush this out, and you need to answer the questions about prongs three and four, and you're now down to 13 minutes, and I'm not trying to push you, but I just, I do need you to answer prongs three and four still. And I guess looking at prongs three and four, again, I think my best answer to that is that this is just a standard way for forfeiture to go about in a district court case. There was a preliminary order of forfeiture. I mean, the stuff that's in the record suggests that this was just a normal run-of-the-mill garden variety forfeiture. There's nothing remarkable about the forfeiture until the affidavit was attached to the 2255 raising these ineffective assistance allegations. Well, it's not, it's unusual that the PSR doesn't discuss it at all. Any of the facts about the condominium, that's unusual, isn't it? My experience is that when the PSR, at least in our district, discusses forfeiture, that it will parrot the language that's in the plea agreement.  If it doesn't discuss forfeiture, then that will find its way into the PSR, but if it doesn't, then it's not discussed in the PSR. I have not, I'm not familiar with a case that says that that's error, that the PSR wouldn't discuss it in any kind of detail like that. What shows that there is an entitlement that this property be forfeited in the record? Other than the, what's discussed in the forfeiture orders and what's discussed in the bill of rights, none of those things are discussed in the record on appeal. So to answer your question, other than what's discussed in those documents, and I don't think that they get into that much detail, I don't think it's discussed. How do we know, then, whether prong three can be satisfied? I think that's part of the problem in this, I think that's part of the problem in this case, Judge Elrod, is one, being on plain error, it's Mr. Brooks' burden to show that there was some kind of error that prejudices his substantial rights in this case. Because there was a plea agreement where he waived his right to challenge the forfeiture, the government was never asked to put forward this evidence that might show why the condominium should be subject to forfeiture. I don't have any reason to believe that that evidence doesn't exist, but it's just, it's not there just based on the way that this case came about. Sometimes, though, we find plain error on prong three just by some statement that's made in someone's brief, that I would have done this, or I could have done this, had you not, you know, had, you know, had I not known that I was not going to get the lesser-involved person enhancement, you know. And that is true, just with this case, because his allegations that are made about forfeiture, one, were part of that affidavit that was attached to the since-dismissed 2255, and two, because they really have to do with the performance of his counsel, because just looking at the face of the record on appeal, it's just business as usual with respect to forfeiture. So they really are tied to the district court making credibility findings as to that affidavit and making factual determinations about the allegations that were part of that since-dismissed 2255. Is it legal error for us to consider the affidavit? I don't think that it is part of the record on appeal. I just, I think that the, to answer your question, no, I don't think it would be legal error. I don't, I haven't encountered anything that would suggest that. But the value of the affidavit is so limited, again, because it was never meaningfully in front of the district court. The district court was never asked to really make any kind of determination about anything that's in there, except for the snippet that's about the filing of the notice of appeal. Why shouldn't there be a do-over on this, on this then? A do-over and a remand? Right. To let the court consider, we do that sometimes where we don't, where we say it's not clear and we let them go back for some sort of re-sentencing procedure of which this would be a part. And I think We have done that on a number of occasions without actually finding error. And my answer to that would be that in this case, the record evidence that is there, other than the affidavit that was attached to the 2255 and other than some statements in the record, contradicts and defeats the claims that Mr. Brooks brought, has raised in this case. The breach claim, the forfeiture claim, et cetera. How does it contradict about the condominium? About the condominium? I don't think it does contradict it. So it doesn't contradict about the condominium. And aren't we here about the condominium? The problem with, I think, your questions about the condominium, Judge Elrod, is that the absence of evidence in this case is because this was a negotiated, this was a guilty plea with a forfeiture waiver in the plea agreement. I just, I don't have anything to point to because it was never an issue until the affidavit was attached to the 2255. It was just business as usual with this forfeiture. Do you want to address prong four? I mean, you don't have to, I guess. I'm not going to ask you again about it. I don't know if I have anything to say about prong four other than what I've said already. It really, to me, is You haven't said anything about prong four. And so, to me, again, the absence of evidence in this case as to an explanation about the condominium, the only reason for that is because, I don't want to just repeat myself, but it's because there was a guilty plea in which Mr. Brooks waived his right to challenge the forfeiture. It's because there was never any objection to it up until the 2255 was filed and the affidavit was attached to it. That to me would be a reason why the court shouldn't act to correct it, exercise its power to correct an error. Did you want to address the government's alleged misconduct in this case? Yes, ma'am. Similar to the forfeiture, the allegation of breach and the allegation that some AUSAs from either this office or from another office told Mr. Brooks that he wouldn't be allowed to get his own private attorney. Similar to the allegations of, or the allegations related to forfeiture, the substantive claims there should be denied because they're contradicted by the record. They're contradicted by Mr. Brooks' statements at the rearrangement, they're contradicted by the plea agreement, they're contradicted by the PSR, and for those reasons, those claims should be denied by this court. To the extent that... What did he say at rearrangement that contradicts that he was told not to get a private lawyer? As to that claim, there wouldn't be anything direct. There would be questions, are you satisfied with the representation of your counsel to which he said yes, but nothing direct on that. Really what the rearrangement contradicts is the allegation of breach. Is there anything else that was promised to you? Do you understand that this is a 20-year mandatory minimum? Things like that would contradict the, I think it's opposing counsel's first argument as to the breach. He certainly could have done perhaps better with another, I mean, couldn't he have, given the failure to file the appeal or to file any objections to any of this at all? Well, the failure to file an appeal has been resolved already, but the other alleged failures by Mr. Brooks' counsel, again, as is the case when ineffective assistance claims usually are brought before this court, that's a question that's better suited for another time, another day in front of the district court where the district court could make factual determinations and credibility findings. Is it your position that the government did not tell him that they could get a private attorney? Is there anything in the record that he should not get a private attorney? Does the government deny that allegation, or is it silent in the record on that allegation? It's silent in the record other than, I believe, in the government's response, the government's sentencing memorandum in response to Mr. Brooks' memorandum asking for the variance to 10 years. That sentencing memorandum by the government denies the allegations that Mr. Brooks made in his request for a downward variance. Didn't the lawyer know about that allegation, then? The lawyer? Mr. Brooks' previous lawyer? I thought Mr. Brooks' previous lawyer confirmed that he was told that. Mr. Brooks' previous lawyer mentioned it in her sentencing memorandum, correct? Right. So, he said it, she said it, and the government denies it, or doesn't really address it point blank? The government denies it, but that requires me going outside the record. There's nothing in the record before us that the government denies, where they've got two statements in the record that confirm it? That they've got two statements in the record that confirm it? Him and the other lawyer. Am I wrong on that? I'm happy to be wrong. I just, can you help me? This is your case. And so, I think that there are some references to that in the sentencing memoranda. One of the problems with the sentencing memoranda is that it's all a discussion of the 3553A factors and whether the district court should have gone down to 10 years. Mr. Brooks never moved for there to be a finding, there was never a hearing or any opportunity for the district court to make a finding one way or the other. Does the government deny that our office instructed him that he wasn't able to get an attorney? Yes, we do deny that, but that requires me to go outside the record. And it's the sort of thing that I imagine would come up in a properly raised 2255 down the road. We'd be able to have more findings as to that, and the district court can make a credibility determination one way or the other. Can we go back to exactly how someone would challenge a criminal forfeiture order if there was a good substantive challenge to the criminal forfeiture order to be had? So I'm looking at the judgment. This is the judgment in a criminal case that was the original one entered in 2017, and it has in the same document, the same seven-page document that says you're remanded to the custody of the Bureau of Prisons for 216 months, it also has a thing about forfeiture. Now obviously it doesn't specify what the forfeiture would be, but I assume in some other case it could say the defendant shall forfeit the defendant's interest in the following property of the United States, one condominium in Florida. And then would that be, suppose that that was wrong, either it shouldn't have been subject to forfeiture, it wasn't properly noticed, there was some reason that the defendant wanted to challenge that, would it be challengeable in the direct appeal? I don't know the ins and outs of forfeiture enough to give you a hard answer on that. I know that my experience is I think I've had cases where that has, I don't want to misspeak. I'd be happy to provide additional briefing about that. You led at the beginning of the argument with it's not part of the sentence. You said that criminal forfeiture is not part of the sentence, and I'm... For 2255 purposes, Shade says that, that it's not part of the sentence imposed such that the substance of a forfeiture order can be challenged as part of a 2255, yes. It's in the judgment of the district court, judgment in a criminal case, seven-page document. I would think that that would be challengeable on direct, for anything reasonable on direct, and then for the same reasons that the 2255 motion would allow you to challenge. Again, the 2255 motion is challenging the same document, right? Vacate, modify, correct? Yes, that's right, and I can only say that that's just what the Shade court said, was that because it's not part of the, I believe the specific holding is because it's not part of the term of imprisonment, that it cannot be challenged as part of a, the substance of a forfeiture order cannot be challenged as part of a 2255. But it can be challenged on direct appeal. In fact, it is often challenged on direct appeal that they shouldn't have forfeited to this, this is the wrong recipient of the forfeiture, that this is the wrong amount, that this property is really owned by a third party. I mean, this comes up all the time. Yes, that's right. Okay, so it's part of this appeal, whether or not that condominium is properly forfeited then, isn't it? Whether the district court, in ordering that the condominium be part of forfeiture, satisfied Rule 32.2, yes, that is part of this direct appeal. If there are no further questions. The government would ask that the court affirm the judgment in this case, allow Mr. Brooks, which would not prevent Mr. Brooks from properly raising a 2255 in which the district court could resolve many of these issues, make the necessary credibility determinations. Thank you. Ms. Johnson, real quick, when it comes to the alleged broken promise on the shorter sentence, can you point me in the record to what you hang your head on? Certainly. I left my card over there, just on this issue because I need to get to it. But I'm glad that you raised that because the government in its brief claims that everything else in the record points to their side of the argument. Well, everything else are only two things, the plea agreement and the plea colloquy. What hangs on Mr. Brooks' side of this argument is counsel's sworn affidavit. We have the documented history of substantial cooperation by Mr. Brooks. We have the sentencing memorandum. We have counsel's on-the-record statements at sentencing. We have Mr. Brooks contemporaneously objecting at his sentencing, saying, I want to appeal. Then we also have the long personal history between Mr. Brooks and some of the agents and prosecutors involved in this case. Do any of those go beyond the prosecutor sort of indicating that he would attempt to try, or is it more concrete than that? Well, I think what the government has done is they've tried to shift this issue into a breach of plea agreement claim, when in fact it is a reliance of promises that were made both by the prosecutor and the defense attorney. What were the substance of those promises? Is it all contingent? Is it all, I'll see what I can do, but I can't promise anything, I can't commit, but I'll certainly give it my best effort? The goal is to get a 10-year sentence. That is it, that the government will seek a 10-year sentence in their 5K motion and that they will not forfeit the condo in Florida. That was the deal. But what do you do with him saying that there was no such promise that he relied on? You have a hearing to determine whether or not that, in fact, happens. Is he precluded because he's the one who said it and they don't normally, people are not normally allowed to contradict what they said at the hearing? Well, no, and actually I cited a case in my brief that says the plea colloquy is not insurmountable. And if you can point to enough other evidence to show that there was a reliance on an agreement and that that sort of formed the basis of the understanding for the agreement, then you're entitled to a hearing. And that's what this. The unique thing in that there was still hope, even at the time of the hearing, that it was still going to happen, even when he's finding out that it's a different sentence, that they're still hoping for the motion. I think defense counsel did her best to put it to the court and to say, Judge, this was our understanding and you could downward depart more since . . . So it was totally up only to the court. They weren't waiting for a Rule 35, some other motion or anything that could come to decrease the sentence even afterwards. There is not one in the record? Oh, I thought that was part of the deal, is that she was still standing mum because she thought it was going to happen after the fact because he was testifying or helping in some other way. She did explain in her affidavit that she thought that because of his history with the Special Operations Division, that they could somehow help to reduce his sentence. That is something that she explained in her affidavit. That is correct. She was still his attorney at all the times in question when he got the final order of the forfeiture at all, correct? Correct, and it's because he also had a supervised release revocation that was transferred down to the Eastern District and she represented him in that, which I believe post-dated the final order of forfeiture. If I could briefly follow up on some of the questions that you all asked, counsel for the government. Forfeiture is part of a sentence and it is a criminal punishment and the authority for that is United States versus Bajrakajian. It's a Supreme Court case. To say that there is nothing remarkable about the forfeiture in this case, you only need to look at the sentencing transcript and I will refer you to page 322 of the record on appeal where the court asks, is there any forfeiture or anything else in this case and the prosecutor's response, there may well be judge. I think some of it was pursued in Maryland. We will file any appropriate motions if necessary. That is what makes this an irregular proceeding. This is supposed to be handled on the record at sentencing at oral pronouncement and that is what can get us around the issue of prongs three and four for the plain error review because this was not pronounced at sentencing. This should be subject to an abuse of discretion standard because Mr. Brooks did not have an opportunity to object. Isn't the opportunity to object the moment you get the final forfeiture order, you file a motion for reconsideration, motion for new trial rule 33, something like that? Well, actually, the moment to object is when you get the motion for a preliminary order of forfeiture, you should file an opposition to that. I understand. That would be the ideal situation. And then you would again object on the record at sentencing. Then you would take your direct appeal. That would, I think, be our ideal set of circumstances as to how this should be handled. But in this case, isn't the right way to do it? In this case, but then that sort of puts our rule 32 error back into ineffective land because the attorney did not file that notice of appeal and I see that I am out of time. Thank you very much. Thank you. This case is submitted. We note that your court appointed Ms. Johnson and we thank you for your able representation in this matter. Thank you.